IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, ) | |
| ) | 2:09-cv-02616-GEB-DAD |
| Plaintiff, ) | |
| ) | ORDER RE: SETTLEMENT |
| v. ) | AND DISPOSITION |
| ) | |
| MEENA LAIWALLA, individually and ) d/b/a NEWCASTLE MINI MART; ) NOORALLAH N. LAIWALLA, individually) and d/b/a NEWCASTLE MINI MART, ) | |
| ) | |
| Defendants. ) | |

On January 26, 2010 Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and that "[d]ispositional documents will be filed within (30) calendar days." Therefore, a dispositional document shall be filed no later than February 26, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The status conference scheduled for March 1, 2010 is continued to commence at 9:00 a.m. on March 15, 2010, in the event

1

1  that no dispositional document is filed, or if this action is not
2  otherwise dismissed.  Further, a joint status report shall be filed
3  fourteen days prior to the status conference.[1]
4          IT IS SO ORDERED.
5  Dated:  January 26, 2010

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  United States District Judge

---

[1]     The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2